Barney, J.,
delivered the opinion of the court:
This is a suit to recover a balance of $3,750, alleged to be due to the claimant for services in editing the laws of the Fifty-sixth Congress, which convened December 4, 1899, and adjourned March 4, 1901, and for reimbursement of expenses alleged to have been incurred by him in such service.
April 9, 1897, pursuant to the provisions of section 5 of the act of June 20, 1874 (18 Stat. L., 113), the claimant was appointed by the Secretary of State to edit the laws of Congress thereafter to be enacted, beginning with the Fifty-fifth Congress. The following is the letter making such appointment:
“ DEPARTMENT OE STATE,

“Washington, April 9, 1897.

“ James I. McCallum, Esq.,
“Washington, D. O.
“ Sir : In pursuance of the requirements of section 5 of the act of June 20, 1874 (18 Stat. L., 113), I hereby designate you to edit the laws of each session of Congress and the laws of each Congress.
“ Your duties as editor of the laws will commence with the editing of the laws of the extraordinary session of the Fifty-fifth Congress.
“ Your compensation will be two thousand five hundred dollars for the edition of the laws of each session of Congress, and one thousand dollars for the edition of the laws of each Congress, known as the Statutes at Large, not to exceed, however, the sum of six thousand dollars ($6,000) for the entire editing of the laws of each Congress.
*199 “ You will be allowed to charge the Department of State ■with such expenses as may be necessarily incident to the performance of your duties.
“ Respectfully, yours, . “ JohN SheémaN.”
It appears that the statute cited and the foregoing appointment contemplated two separate duties — (1) the preparation in pamphlet form of the laws of each regular session, and (2) the preparation of an edition of the laws of Congress known as the Statutes at Large.
At the time of claimant’s appointment the Fifty-fifth Congress was in extraordinary session, having been convened March 15 preceding, thus making three sessions of that Congress.- For his services in editing the laws of the Fifty-fifth Congress the claimant received $9,187.70, made up as follows: Two thousand five hundred dollars for the preparation of the pamphlets for each of the two regular session, $1,000 for the Statutes at Large, $1,687 for expenses, and $1,500 for editing the laws of the extraordinary session.
The claimant edited the pamphlet edition of the laws of the first sesión of the Fifty-sixth Congress and continued in the service under his appointment doing the preliminary work in the preparation of the pamphlet edition of the second session of that Congress and the Statutes at Large for the. whole Congress, until March 4, 1901, when he was appointed and entered upon the duties of law clerk to the Secretary of State pursuant to an act which provided, “ For a law clerk, to be selected and appointed by the Secretary of State, to edit the laws of Congress and perform such other duties as he may require of him, at two thousand five hundred dollars per annum.” (31 Stat. L., 972.) The claimant continued in office as such law clerk until June 30, 1901. and received as compensation for his services $812.50.
It appears by the^findings that the claimant before his appointment as law clerk March 4, 1901, had performed four-fifths of the services required to edit the laws of the second session of the Fifty-sixth Congress, beginning December 3, 1900, and three-fourths of the services necessary to complete the term edition of the Statutes at Large for that Congress. It appears further from the findings that the claimant paid $1,000 to Mr. Brandenburg and $387.70 to Mr. McNeir for *200 proof reading and indexing the laws of the Fifty-fifth Congress, and also paid to Mr. Brandenburg $1,000 for the same service in editing the laws of the Fifty-sixth Congress. Mr. Brandenburg was also paid $300, which appears to have been expended for typewriter services in editing the laws of the Fifty-fifth Congress. The claimant has been paid $2,500 for his services in editing the laws of the Fifty-fifth Congress, and no more.
The claim in this suit is made up by the following statement :
For editing laws, in full, first session Fifty-sixth. Congress— $2, 500
Expenses first session Fifty-sixth Congress- 500
For editing laws in four-fifths part, second session Fifty-sixth Congress_ 2, 000
Expenses second session Fifty-sixth Congress-:- 500
For editing in three-fourths part Statutes at Large of Fifty-sixth Congress, volume 31- 750
Total_ 6,250
Total amount paid to date- 2, 500
Balance_ 3, 750
The Government contends that the $1,000 in the above ■account paid to Mr. Brandenburg (being the two $500 items charged as “ expenses ”) should be disallowed, and that there should be allowed as set-offs against this account, $1,500 paid as compensation for editing the laws of the extraordinary session of the Fifty-fifth Congress, $1,300 paid to Mr. Brandenburg, and $387.70 paid to Mr. McNeir for the purposes above stated (the $1,300 paid to Mr., Brandenburg-included the $300 for typewriter services), also the sum of $812.50 received by the claimant as law clerk from March 4 to June 30,1901, which would leave the claimant indebted to the Government in a considerable sum. ^
As to the item of $1,000 paid to Mr. Brandenburg for his assistance in editing the laws of the Fifty-sixth Congress, we do not think it is a proper charge against the Government. It appears from the findings that Mr. Brandenburg is a lawyer who was employed by the claimant to assist him in doing the identical work which under his contract he was required to do himself. Payment for such services can not *201 be charged as “ expenses ” within the claimant’s contract. The same comment can be made as to the payment made by the claimant for similar services rendered by Mr. Brandenburg and Mr. McNeir in editing the laws of the Fifty-fifth Congress, amounting to $1,387.70; and we think the first item of $1,000 should be disallowed, and the $1,387.70 paid to Mr. Brandenburg and Mr. McNeir should be charged as an offset against the claimant in this case. The $300 found to have been paid by claimant through Mr. Brandenburg for typewriter services wg think was properly chargeable as expenses.
It appears from the findings that the Secretary of State agreed to pay claimant $1,500 extra compensation for editing the laws of the first or extraordinary session of the Fifty-fifth Congress and asked Congress for a special appropriation for that sum, and Congress appropriated that sum in the following language: “For expenses of editing and distributing the laws enacted during the first session of the Fifty-fifth Congress, one thousand five hundred dollars.” (30 Stat. L., 106.) This sum was paid to the claimant upon approval of his account by the Secretary of State. Afterwards specific appropriations were made for the same purpose for the two regular sessions of the same Congress. (30 Stat. L., 285, 856.)
We do not think this payment in excess of the original contract comes within the rule that money paid in mistake of fact by public officers can be recovered back. (Barnes v. District of Columbia, 22 C. Cls. R., 366; 164 U. S., 212.) Here there was no mistake of fact by any public officer. It was an express agreement by an officer having' plenary power to pay a sum as extra compensation, and Congress, which holds the purse strings of the Government, directed it to be paid, and it was paid. We do not think this sum is a proper offset against the claimant’s demand.
We see no reason for charging back to the claimant $812.50 received by him as salary for services as law clerk from March 4 to June 30, 1901. True, he may have spent a part of that time in finishing up the labor of editing the laws of the Fifty-sixth Congress, but he only charges for a part of that *202 labor before his appointment; and, besides, his office called for the performance of other duties. (31 Stat. L., 972.)
We have made the account of the claimant as follows:
Creditor:
For editing laws, in full, first session Fifty-sixth Congress - $2, 500.00
For editing laws in four-fifths part, second session Fifty-sixth Congress_ 2, 000.00
For editing in three-fourths part Statutes at Large of Fifty-sixth Congress, volume 31_ 750. 00
Total- 5, 250. 00
Debtor:
To salary received_ 2, 500. 00
To amount received by claimant for payment made to Brandenburg and McNeir_ 1, 387. 70
Total_ 3, 887. 70
Balance due- 1, 362. 30
Judgment, therefore, is ordered for the claimant in the sum of $1,362.30.